IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JALENNA BOWIE, | ) | CASE NO. 1:11 CV 1266 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| CLEAR YOUR DEBT, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on the Motion to Dismiss Or, In the Alternative, Compel Arbitration, filed by Defendants, Clear Your Debt, LLC, *et al.*'s  (ECF #11), and on Defendant, Global Client Solutions, LLC's Motion to Compel Arbitration Under the Federal Arbitration Act (ECF #35).  Both motions have been fully briefed, (ECF # 27, 33, 40, 43, 60). The Court heard oral argument on these issues on February 27, 2012.  (ECF #61).  After a thorough review of all of the briefs, supporting documents (including the contracts at issue), and relevant law, as well as full consideration of the arguments presented to the court during oral arguments, the Court finds as follows.

# FACTS[1]

On February 14, 2008, Plaintiff Jalenna Bowie entered into an agreement with Clear Your Debt, LLC ("Clear Your Debt"). Clear Your Debt is a debt resolution service designed to help people negotiate, adjust, and resolve debts when they have incurred credit card debt beyond their ability to re-pay. Ms. Bowie signed (via electronic signature) a "Client Service Agreement" with Clear Your Debt and initialed each page of the Agreement (also via electronic signature). Paragraph Seven of the Agreement contained an arbitration agreement by which "any dispute between the parties arising out of this agreement" would be submitted to binding arbitration under the auspices of the American Arbitration Association (AAA), or "to the extent possible" in accordance with the AAA rules. The arbitration provisions included a Texas choice of law provision, and a forum selection clause listing Austin, Texas as the agreed venue. The arbitration provision is in regular type and is clearly labeled with the heading "Arbitration of Dispute."

Ms. Bowie reviewed the Agreement on line and was guided through the document by a Clear Your Debt representative. According to Ms. Bowie, the representative rushed her through the documents, summarizing each page, and telling her how and where to place her electronic signature and initials. Ms. Bowie claims that the representative never mentioned the arbitration provision when summarizing the Agreement.

The arbitration provision in the Agreement indicates that arbitration is to be conducted

---

[1] The undisputed facts are taken from the parties briefs and from the Complaint. To the extent any of the relevant facts are in dispute, they have been viewed in the light most favorable to the non-moving party in accordance with applicable standards for a motion to dismiss.

through AAA or under AAA rules. Plaintiff argues that she would have to pay $6500 up front to arbitrate under the AAA commercial arbitration guidelines, and that she could not afford this fee. Defendant contends that Ms. Bowie would be subject to a much reduced consumer fee schedule under the AAA rules. Although Ms. Bowie has not suggested that she would be unable to afford the consumer rates, in order to qualify for those reduced rates, the parties agree that she would have to abandon her request for declaratory relief under the Consumer Sales Practices Act, O.R.C. § 1345.09(D).

The Agreement Ms. Bowie signed with Clear Your Debt, also incorporated a contract with Global Client Solutions, LLC ("Global"). Pursuant to this secondary contract, Global was to establish a special purpose bank account at a Colorado Bank in order to facilitate Ms. Bowie's debt payments. The document Ms. Bowie signed with Global was a special purposes account Application. The Application included the following acknowledgment:

> I understand that the Special Purpose Account's features, terms, conditions and rules are further described in and Account Agreement and Disclosure Statement that accompanies this Application (the "Agreement"). I acknowledge that I have received a copy of the Agreement; that I have read and understand it; that the Agreement is fully incorporated into this Application by reference; and that I am bound by all of its terms and conditions.

There is no dispute that Ms. Bowie signed the application containing this acknowledgment. She signed by electronic signature on 2/14/08. There also appears to be no dispute, however, that Ms. Bowie did not, in fact, receive a copy of the incorporated Account Agreement and Disclosure Statement prior to signing the Application.[2]

---

2

Global has produced and affidavit indicating that the general policy of the company is to provide the Account Agreement and Disclosure along with a welcome letter, sent after the Application is submitted and processed. There is no indication that this agreement is

The Account Application does not contain an arbitration provision. The Account Agreement, which was supposed to have been provided and which is purportedly incorporated into the terms of the Account Application does contain an arbitration provision. Global contends that Ms. Bowie should have received a copy of the Account Agreement with a welcome letter that was sent after her Application was processed. Although the welcome letter indicates that the recipient will use the information provided in the letter to sign an account application (or that alternatively a paper copy of the application is included with the letter), the welcome letter was sent on 2/27/08, nearly two weeks after Ms. Bowie signed the Application.³ Ms. Bowie claims she never received a copy of the Account Agreement with the welcome letter, and never saw or agreed to any arbitration agreement or provision between herself and Global.

## **ANALYSIS**

The Federal Arbitration Act ("FAA"), and the courts applying it, recognize that a written arbitration agreement is a contract, and, as such, is subject to the laws which govern the enforcement of contracts generally. *See, e.g., Greentree Financial Corp. v. Randolph,* 531 U.S. 79, 90 (2000); *Doctor's Associates, Inc. V. Casarotto*, 517 U.S. 681, 685 (1996)(citing *Perry v. Thomas*, 482 U.S.483, 493, n.9 (1987)); 9 U.S.C. §2.  Federal law favors the enforcement of

---

generally, or was in this case, provided prior to the signing of the Application which purports to incorporate its terms. Further, Ms. Bowie, testified at the oral argument that she did not receive this document prior to signing the Application, and counsel for Global indicated that he had no reason to disbelieve her testimony.

³ Regardless of whether the Account Agreement was mailed along with the welcome letter, the mere receipt of the Agreement would not necessarily have bound Ms. Bowie to the terms contained therein, absent her subsequent agreement to the terms and conditions espoused in that agreement.

valid arbitration agreements, but does not elevate them over other contracts. *Id.* The Sixth Circuit applies a four part test to determine whether to grant motions to stay and compel arbitration.

> First, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be non-arbitrable; and fourth, if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration.

*Tolbert v. Coast to Coast Dealer Serv.*, 789 F.Supp.2d 811, 816 (N.D. Ohio, 2011)(citing Stout v. J.D. Byrider, 228 F.3d 709, 714 (6th Cir. 2000). In this instance there is no dispute that the claims fall within the scope of the arbitration provisions at issue, or that the federal statue at issue allows for arbitration of the federal claims. The questions before the Court, then, are whether Ms. Bowie actually entered into a binding agreement to arbitrate with Clear Your Debt, et al, and/or with Global, and if so, whether the case should be dismissed or stayed pending arbitration.

### A. The Clear Your Debt Agreement

Ms. Bowie admits that she electronically signed the Agreement with Clear Your Debt, and acknowledges that the Agreement contained an arbitration provision. However, she argues that the provision should not be enforced because it was procedurally and substantively unconscionable. Federal courts look to state law to determine whether an arbitration provision in a contract is unconscionable. 9 U.S.C. § 2; *Perry v. Thomas*, 482 U.S. 483, 492 , n. 9 (1987). If deemed to be unconscionable, an arbitration clause, even if signed by both parties, may be

-5-

unenforceable. *Williams v. Aetna Fin.Co.*, 83 Ohio St.3d 4;64, 473 (Ohio 1998).[4] The party asserting unconscionability bears the burden of proving both procedural and substantive unconscionability. *Hayes v. Oakridge Home*, 122 Ohio St.3d 63, 67 (Ohio 2009).

### 1. Procedural Unconscionability

"Procedural unconscionability considers the circumstances surrounding the contracting parties' bargaining, such as the parties' age, education, intelligence, business acumen and experience, who drafted the contract, whether alterations in the printed terms were possible, and whether there were alternative sources of supply for the goods [or services] in question." *Taylor Bldg. Corp. Of Am. V. Benfield*, 117 Ohio St.3d 353, 361-62 (Ohio 2008). Plaintiff argues that as a "single parent with an associate's degree in nursing... no training or experience with arbitration at all, and no experience in reading or drafting contracts...no legal training and no experience in dealing with arbitration agreements," she did not possess the education, intelligence, business acumen and experience to be capable of agreeing to an arbitration clause. The Court comes to the opposite conclusion, as a single parent in charge of a household, with a higher education (over and above a high school diploma), Plaintiff appears to be of sufficient intelligence, education and experience to read, understand, and agree to a basic contract, including the arbitration clause at issue in this case. There is no evidence that Plaintiff could not have read the arbitration provision at issue in this case, only that she says she failed to do so. There is also no evidence, that had she read the provision that she would not have understood the

---

[4] Although the arbitration provision at issue provides that Texas law should apply to issues arising from the contract, both parties have argued Ohio law in their briefs. By agreement of the parties, then, this Court will apply Ohio law to the determination of unconscionability.

language or the intent of that provision. There is no requirement that a person have legal experience or direct experience with arbitration or the drafting of contracts to be capable of understanding the basic language and intent of a contract, including a contract that provides for the arbitration of disputes.[5]

Although the agreement does appear to have been a "form" document, prepared by Clear Your Debt, and that there was indeed an inequality of bargaining power between the parties, this in and of itself is not sufficient to establish procedural unconscionability. *Taylor*, at 362, citing *Vanyo v. Clear Channel Worldwide*, 156 Ohio App.3d 706, 712 and *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 33 (1991). The arbitration provision was not hidden, but rather was set off by a heading in bold type that clearly identified the provision as dealing with arbitration. Further, the type face of the terms contained in this provision matched the size and appearance of the remainder of the contract language.

Plaintiff further argues that she reviewed and signed the Agreement while on the phone with a Clear Your Debt agent, who would summarize the documents and would tell her where to click to provide her electronic signature or initials as needed. Clear Your Debt contends that the agent was provided to answer any questions that Ms. Bowie may have had prior to signing the agreement, and there is no evidence that the agent would not have assisted her in understanding the arbitration terms if she had read the provision and had any questions with regard to those terms. Although Plaintiff testified that she felt rushed and relied on the agent's summary of each

---

[5] To hold that an arbitration clause is only enforceable against a person with legal experience, experience drafting contracts, or with prior arbitration experience would severely limit the arbitrability of consumer and other non-commercial contracts, and would contradict both state and federal law, which favors arbitration as an alternative to litigation for the resolution of contract disputes.

page, she did not indicate that she asked for more time to review the documents, or that such time would not have been provided if requested. Clearly a consumer may feel some pressure to complete a transaction quickly when a sales representative is summarizing or rushing through a document and asking for signatures. However, a consumer of average intelligence and experience is still responsible for reading for understanding the terms of an agreement that she signs and accepts, when those terms are accessible and not hidden or misrepresented in any manner. There is no evidence that the deal would have been revoked if Ms. Bowie requested additional information or additional time to thoroughly review the documents. In addition, even if Ms. Bowie felt rushed during the review with Clear Your Debt's agent, she had the opportunity to review the contract after signing, without the influence of the agent, and to rescind without penalty or obligation within three days after having signed the agreement.

Finally, there is no evidence that a similar service was not available from other sources if Ms. Bowie was not in agreement with the terms of this particular contract, or if she was being denied the ability to review and understand the contract prior to signing. For all of the above reasons, this Court finds that the arbitration provision contained in the Clear Your Debt Agreement was not procedurally unconscionable, and that it is, therefore, enforceable.

2. <u>Substantive Unconscionability</u>

An assessment of substantive unconscionability involves a review of the terms of the agreement, and a determination as to whether those terms are commercially reasonable. *Hayes,* 122 Ohio St.3d at 69. There is no bright line test for determining substantive unconscionability. *Id.* The primary argument for substantive unconscionability is the sometimes prohibitive cost that can be involved. In this case, Ms. Bowie argues that she is subject to extremely high up-

-8-

front costs if she submits to arbitration under the AAA rules, as required under the terms of the arbitration provision in the Agreement. Although AAA has a cut-rate fee schedule that makes arbitration more affordable for consumers, (ECF #33-3), Ms. Bowie has brought a claim for declaratory relief that would exempt her from the consumer fee schedule and require the regular commercial up front fees. She contends, therefore, that she would either be forced to surrender a substantive right afforded her under the applicable statutes (the right to declaratory relief), or be subject to prohibitively expensive costs and fees that would effectively eliminate her ability to seek relief at all. *See generally, Green Tree Financial Corp. v. Randolph*, 531 U.S. 79, 81 (2001); O.R.C. § 1345.05(A)(3); *Eagle v. Fred Martin Motor Co.*, 157 Ohio App.3d 150 (9th dist. 2004). Ms. Bowie also argues that the Texas choice of law and forum provisions would add prohibitive expense and would strip of her of substances rights under the Ohio Consumer Protection Laws.

Defendants argue that AAA provides for reduced rates for consumers and that Ms. Bowie would be fully protected through the potential monetary relief available without need for the declaratory relief, which would cast her into the commercial fee schedule. Further, the AAA provides for written and telephonic arbitration for claims under $75,000. This would allow Ms. Bowie to arbitrate her claims without the expense of traveling to Texas, the forum provided in the arbitration provision. Further, the Texas choice of law provision, if enforced, would not limit her ability to recover monetary damages because Texas has a law similar to Ohio's Consumer Sales Practices Act, under Sections 17.41 and 17.50 of the Texas Business and Commerce Code. Defendant further contends that Texas has a substantial relationship to the parties and issues at stake, making it a legitimate choice of law under the general standards, and an appropriate venue

-9-

even under the Ohio Rules of Civil Procedure. *See Schulke Radio Productions, Ltd. V. Midwestern Broadcasting Company*, 6 Ohio St.3d 436, 438-39 (1983); Ohio Civ. R. 3(B); *see also* 28 U.S.C. § 1391(b).

The Court finds that there are aspects of the arbitration clause that raise substantive unconscionability issues. In general, because an arbitration clause will be deemed enforceable unless it is both procedurally and substantively unconscionable, the provision is generally enforceable under these circumstances. The Court, can, however, modify the arbitration terms to avoid the issues of substantive unconscionability. Because Ms. Bowie has the right to bring an action for declaratory relief under the applicable state statute, and because asserting this right through arbitration would remove her from the consumer classification for purposes of assessing fees under the AAA, enforcing the provision in connection with this particular claim for relief could be considered unconscionable under the prevailing case law. Consequently, the claim for declaratory relief will be considered non-arbitrable under these circumstances.

The Court, therefore, holds that Ms. Bowie's claims for monetary relief against Clear Your Debt and its current or former employees are subject to arbitration under the consumer rules and fee schedules established by the AAA. These claims are dismissed with prejudice for lack of jurisdiction pursuant to the arbitration clause contained in the Agreement with Clear Your Debt. Because Ms. Bowie's claim for declaratory relief has been deemed non-arbitrable, and because it is dependent on the same facts and causes of action raised in connection with her monetary claims, the claim for declaratory relief is dismissed without prejudice. It may be re-filed if Ms. Bowie succeeds on the underlying claims and causes of action through arbitration of her claims for monetary relief.

### B. Global and Other Agreements

Ms. Bowie claims that she never agreed to arbitrate her claims against Global. Global does not dispute that Ms. Bowie never received a copy of any arbitration agreement prior to signing the application agreement with Global. As there is no evidence that she was ever provided a copy of, or in any way informed of any alleged arbitration agreement, the Court finds no agreement to arbitrate with Global under the facts presented. However, Ms. Bowie's claims against Global appear to be inextricably intertwined with her claims against Clear Your Debt. Therefore, the claims against Global will be dismissed without prejudice, and may be re-filed if Ms. Bowie succeeds in her claims against Clear Your Debt through arbitration.

Finally, the claims against Orion Processing are also dismissed without prejudice. There is no evidence whatsoever that Ms. Bowie entered into a written contract with Orion Processing or that she agreed to arbitrate any claims she may have had against them. On the other hand, her claims against Orion Processing appear to be completely reliant on the same facts and legal causes of action as have been raised against Clear Your Debt and its employees. Therefore, as with the claims for declaratory relief, and the claims against Global, any claims Ms. Bowie may have against Orion Processing may be re-filed if she succeeds on her causes of action against Clear Your Debt in arbitration.

For the reasons set forth above, the Motion to Dismiss Or, In the Alternative, Compel Arbitration, filed by Defendants, Clear Your Debt, LLC, *et al.*'s  (ECF #11), is granted in part, and Defendant, Global Client Solutions, LLC's Motion to Compel Arbitration Under the Federal Arbitration Act (ECF #35) is denied. Ms. Bowie's claims for monetary relief from Clear Your Debt and its current and/or former employees are dismissed with prejudice. All remaining

claims are dismissed without prejudice and may be re-filed, if appropriate, following arbitration of those arbitrable claims.

                                              /s/ Donald C. Nugent
                                              DONALD C. NUGENT
                                              United States District Judge

DATED:  March 14, 2012